KAREN P. HEWITT
United States Attorney
CARLOS ARGUELLO
Assistant U.S. Attorney
California State Bar No. 157162
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8800
Telephone: (619) 557-6252
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO OROZCO-URANGA,<br><br>Defendant. | Criminal Case No. 07cr3348LAB<br><br>DATE: January 22, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br><br>(1) COMPEL DISCOVERY AND<br>(2) FILE ADDITIONAL MOTIONS.<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carlos Arguello, Assistant United States Attorney, and hereby files its response and opposition to Defendant's above-referenced motions. This response is based upon the files and records of this case, together with the attached statement of facts, memorandum of points and authorities and the Government's motion for reciprocal discovery.

## I.

## CURRENT CASE STATUS

Counsel for Defendant, Mr. Michael Berg, and the Government have reached a preliminary agreement on the resolution of this case. However, the parties do not expect that Defendant will have pled guilty in this case before the motion hearing date set for January 22, 2008. As a result, the Government anticipates that the parties will request a trial date at the motion hearing. In the meantime, Mr. Berg's client will plead guilty before the magistrate if a disposition is reached.

## II.

## STATEMENT OF FACTS

On October 7, 2007, Customs and Border Protection officials arrested Fernando Orozco-Uranga ("Defendant") after he twice attempted entry into the United States on the same day, at the San Ysidro Port of Entry pedestrian primary area, from Mexico. Defendant admitted to officers that he was a Mexican citizen with no legal right to enter or reside in the United States.

A computer query at the port revealed Defendant was a previously deported criminal alien. Further records checks indicated Defendant had not applied for nor received permission from the U.S. Attorney General or the Secretary of the Department of Homeland Security to reenter the United States. Records also revealed that Defendant has five (5) prior felony convictions and was most recently removed to Mexico from the U.S. on October 4, 2007.

///

## III.

## POINTS AND AUTHORITIES

### A. DISCOVERY

The Government has produced approximately one hundred (100) pages of discovery. Additional discovery will be produced as it is available. At this time, the Government is awaiting further Customs and Border Protection reports, photographs, and documents from Defendant's immigration file, which will be provided to Defendant once they have been received. The discovery produced is in excess of that required by Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act (now covered by Rule 26.2 of the Federal Rules of Criminal Procedure). As to the physical evidence, the Government will make it available for viewing by defense counsel at a mutually convenient time and place.

As to exculpatory information, the Government is well aware of its obligation under Brady v. Maryland, 373 U.S. 83 (1963) and will comply.

The Government will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

The Government has provided and will continue to provide information within its possession or control pertaining to the prior criminal history of the Defendants. Evidence of other acts or crimes by the Defendants similar to this attempted entry incident will be provided once the information is received. The Government intends to seek permission to introduce this evidence under Federal Rule of Evidence 404(b) at trial. The Government also intends to seek permission to impeach Defendant with his

felony convictions under Federal Rule of Evidence 609(a)(1) if he testifies at trial.

The Government will produce the reports of any experts that it intends to use in its case-in-chief at trial or are material to the preparation of the defense.

In view of the above-stated position of the Government concerning discovery, it is respectfully requested that no orders compelling specific discovery by the Government be made at this time. The Government also respectfully requests reciprocal discovery of the Defendants. If and when individual problems arise which cannot be resolved between counsel for Defendants and the Government, the matters can be submitted to the Court for decision.

**B. REQUEST TO FILE FURTHER MOTIONS**

The Government does not oppose Defendant's request to file further motions if based on newly obtained discovery.

**IV.**

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

The Government hereby requests Defendants to deliver all materials to which the Government may be entitled under Federal Rules of Criminal Procedure 16(b) and 26.2.

**V.**

**GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

Part of the Government's burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported and removed from the United States to Mexico on October 4, 2007, and on April 28, 1998. To make that showing, the Government will call an expert in fingerprint identification to

testify that the Defendant is in fact the individual whose fingerprints appear on the various deportation records. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). The Government therefore respectfully requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

## VI.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant’s motions be denied where opposed and that the Government’s motion for reciprocal discovery be granted.

DATED: January 15, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Carlos Arguello

CARLOS ARGUELLO
Assistant U.S. Attorney